# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BAHIYUDEEN HAKEEM,** | : | **CIVIL NO. 4:10-CV-1627** |
| | : | |
| Plaintiff, | : | (Judge McClure) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **JON FISHER, et al.,** | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

**I.     Statement of Facts and of the Case.**

This is a *pro se* civil rights action brought by Bahiyudeen Hakeem, a state inmate who is currently confined at the State Correctional Institution (SCI) Huntingdon. (Doc. 1.) In his complaint Hakeem alleged that prison officials violated his rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment by displaying deliberate indifference to his serious medical needs. (Id.) Specifically, Hakeem alleges that he suffers from: (1) a bullet lodged in his foot; (2) blood clotting problems related to a brain injury; and (3) herpes simplex, which causes breakouts and rashes.

Hakeem's complaint initially listed ten named defendants. Included among these ten defendants were the following four individuals: Jon Fisher, the superintendent at the prison, two nurse supervisors, Gerald Hartman, and Julie Cowher, and a nurse, Shannon Parks. While these four persons were named as defendants in Hakeem's

complaint, the complaint was devoid of factual allegations regarding individual misconduct by any of these defendants, and the liability of a number of the defendants appeared to be premised on principles of *respondeat superior* because they served as prison supervisors.

On October 18, 2010, the defendants filed a motion to dismiss which, in part, challenged the legal sufficiency of the plaintiff's complaint with respect to these four defendants. (Docs. 31 and 32.) Hakeem has now responded to this motion, (Doc. 35) filing a brief which is notable in its candor with respect to these four defendants stating: "With regard to these defendants [Fisher, Parks, Cowher and Hartman] the plaintiff would concede to this [dismissal] after review of much case law there has been no personal involvement from these defendants. So plaintiff motions that they be remove[d] as defendants to this action." (Doc. 35, p. 5.)

**II.     Discussion**

Rule 41(a)(1) of the Federal Rules of Civil Procedure provides for the voluntary dismissal of claims and states as follows:

> **(a) Voluntary Dismissal.**
> **(1)** *By the Plaintiff.*
> **(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> > **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

> **(ii)** a stipulation of dismissal signed by all parties who have appeared.
>
> **(B)** *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

F. R.Civ. P. Rule 41(a)(1).

In this case, Hakeem's response to the motion to dismiss filed on behalf of defendants Fisher, Hartman, Cowher and Parks is, in effect, a stipulation that these defendants should be dismissed. Since Hakeem's stipulation reflects an informed judgment that he may not maintain a claim against these particular defendants[1],

---

[1] Hakeem has correctly concluded that the failure to articulate in the complaint a basis for holding these correctional staff accountable for some violation of the constitution compels dismissal of these defendants from this lawsuit. See Thomas v. Conway, No. 04-1137, 2005 WL 2030304 (M.D. Pa. July 21, 2005)(failure to name defendant in body of complaint compels dismissal). Moreover, Hakeem is correct in conceding that a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was a prison supervisor when the incidents set forth in the complaint occurred. Quite the contrary, to state a claim under §1983, the plaintiff must show that the supervisory defendants, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. §1983; Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980). Liability under § 1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997). In particular, with respect to prison supervisors it is well-established that: "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on

this Court should grant this request and dismiss these defendants from this lawsuit.

As for the remaining defendants and claims articulated by Hakeem in this lawsuit, to the extent that these matters are the subject of motions to dismiss, it appears that the legal validity of these claims may be contested, at least in part. Accordingly, those other claims and defendants will be the subject of a separate report and recommendation.

## III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's stipulation of dismissal and the unopposed motion to dismiss on behalf of defendants Fisher, Hartman, Cowher and Parks (Docs. 31 and 32) be GRANTED. The remaining aspects of this motion to dismiss, which are contested, will be the subject of a separate report and recommendation.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days

---

the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Finally, Hakeem aptly notes that a § 1983 damages suit brought against an individual acting in his or her official capacity has been deemed to be a suit against the state and therefore also is barred by the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 19th day of November, 2010.

<em>S/Martin C. Carlson</em><br>
Martin C. Carlson<br>
United States Magistrate Judge